## HARRY WHITBY v. JOHN J. DUFFY.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LANCASTER COUNTY.

Argued May 22, 1890—Decided June 2, 1890.
[To be reported.]

(a) Henry Whitby conveyed real estate to one Carpenter, his heirs and as-
signs, for the expressed consideration of one dollar; and, by an instru-
ment indorsed upon that deed, dated the same day, witnessed by the same
person, and expressing the same consideration, Carpenter conveyed the
land to Whitby's wife.

(b) The habendum in the latter conveyance was to the wife, her heirs and
assigns, for the use of said wife, her heirs and assigns, "during her con-
tinuing the widow of Henry Whitby, in case she survive him, and at
her decease, to him, the said Henry Whitby, his heirs and assigns for-
ever, in fee."

(c) Less than a year after that transaction Henry Whitby died, leaving an
only son, a little over a year old. His widow afterward married again
and died, leaving a will devising and bequeathing her entire estate to her
second husband. At the time of her death, said son was nineteen years
of age:

1. The two deeds were properly construed together as constituting a single
transaction, the object of which was a settlement by the husband upon
his wife; and, regarded in the light of the situation of the parties, their
effect was to give the property to the wife during widowhood, and, upon
her marriage, to the son in fee.

2. The habendum in the deed to the wife was not void, either as repugnant
to the premises, which purported to grant the property to the wife, her
heirs and assigns, or upon the ground that it attempted to create a free-
hold commencing in the future; wherefore, the second husband took no
title to the land, under the wife's will.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
McCOLLUM, JJ.

No. 55 July Term 1890, Sup. Ct.; court below, No. 75 Au-
gust Term 1889, C. P.

On July 17, 1889, an amicable action of ejectment was en-
tered by agreement, between Harry Whitby, by his guardian
Charles H. Locher, as plaintiff, and John J. Duffy, as defendant,
the following case being stated for the opinion of the court:

### Case Stated.

On February 28, 1870, Henry Whitby, of Lancaster, conveyed to Albert E. Carpenter, his heirs and assigns, certain real estate, consisting of about 27 acres and 60 perches of land, of which he was the owner in fee-simple. The consideration named in the deed was one dollar. On the same day, Albert E. Carpenter conveyed said premises to Kate Whitby, who was then the wife of said Henry Whitby, by an instrument written upon the deed above mentioned and in the following form:

"Know all men by these presents, that I, Albert E. Carpenter, of the city of Lancaster, the grantee within named, for and in consideration of the sum of one dollar, lawful money, to me in hand paid by Kate Whitby, wife of Henry Whitby, the grantor within named, at and before the ensealing and delivering hereof, the receipt whereof is hereby acknowledged, has granted, bargained, sold, transferred, assigned and set over and by these presents, does grant, bargain, sell, transfer, assign and set over unto the said Kate Whitby, her heirs and assigns, all that the within-mentioned and described tract or piece of land situated in Lancaster county, containing twenty-seven acres and sixty perches, the same which the said Henry Whitby by the within deed, of even date herewith, granted and conveyed unto the said Albert E. Carpenter, his heirs and assigns forever, together with all and singular the rights, members and appurtenances thereunto belonging or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof. And all the estate, right, title, interest, property, claim and demand whatsoever of him, the said Albert E. Carpenter, in law, equity or otherwise howsoever of, in and to the same and every part thereof. To have and to hold the said tract or piece of land hereby granted unto the said Kate Whitby, her heirs and assigns, to and for the only proper use and behoof of the said Kate Whitby, her heirs and assigns, for and during her continuing the widow of said Henry Whitby, in case she survive him, and at her decease, to him the said Henry Whitby, his heirs and assigns forever in fee.

"In witness whereof I hereunto set my hand and seal, " etc.

Henry Whitby, the grantor in the deed to Carpenter, died intestate in November, 1870, leaving to survive him a widow, said Kate Whitby, and a minor child by her, said Harry Whit-

by, whose guardian is Charles H. Locher.* Said child was born October 8, 1869, and is of the age of nineteen years.

Said Kate Whitby, subsequently, on November 1, 1884, was married to John J. Duffy, and during her coverture with John J. Duffy retained control and possession of said premises, and received the rents, issues and profits thereof; and, also during said coverture, the said Kate Whitby signed, sealed, declared and published her last will and testament, bearing date December 7, 1884, by which she devised and bequeathed to her "beloved husband, John J. Duffy, his heirs and assigns forever," all her estate, real, personal and mixed. On March 11, 1885, she died and her said will was duly admitted to probate before the register of wills of Lancaster county, on March 16, 1885.

If the court be of opinion that the fee in said premises is vested in said Harry Whitby, then judgment to be entered for the plaintiff; but if not, then judgment to be entered for defendant. The costs to follow the judgment, and either party reserving the right to sue out a writ of error therein.

After argument, the court, LIVINGSTON, P. J., entered judgment upon the case stated for the plaintiff, filing an opinion which, after reciting the facts, continued as follows:

We have here presented, one of the most inartistic and negligently performed pieces of scrivening, which we have ever been called upon to construe. What its intent and purpose was, is the object of the present inquiry and investigation.

As at common law, distinguished from equity, a conveyance from a husband to his wife, directly, and without the intervention of a trustee, is void, we find a middle-man, as a conduit, used, though not in the ordinary or customary way,— the husband and wife joining in a conveyance to a third party, and a conveyance by him to the wife,—but the husband alone conveying to another and he to the wife. These two instruments, produced in the case stated, must therefore be taken and construed together, for they form really but one conveyance from husband to wife; and for what purpose, what in-

---

* Shown by an amendment to the case stated filed on the argument in the Supreme Court.

terest was sought to be, or was conveyed, and what estate she took under and by virtue of them, we must find from them.

The deed from Henry Whitby to A. E. Carpenter is for the consideration of one dollar. It is in the ordinary form of a deed for conveyance of real estate; it is executed by Henry Whitby alone; his wife did not join therein. That from A. E. Carpenter to Mrs. Kate Whitby, wife of Henry Whitby, is a nondescript. Without form which would be recognized in proper conveyancing, the consideration therein stated is also one dollar; and in it the grantor says he " has granted, . . . . . unto the said Kate Whitby, her heirs and assigns, all that, the within mentioned (it being written in and on the deed from Whitby) and described tract or piece of land, situated in Lancaster county, . . . . . the same which the said Henry Whitby, by the within deed of even date herewith, granted and conveyed unto the said Albert E. Carpenter, his heirs and assigns, forever. . . . . To have and to hold the said tract or piece of land, hereby granted unto said Kate Whitby, her heirs and assigns, to and for the only proper use and behoof of the said Kate Whitby, her heirs and assigns, for and during her continuing the widow of said Henry Whitby, in case she survive him, and at her decease, to him, the said Henry Whitby, his heirs and assigns forever, in fee."

—The court here cited, as to the proper functions of the different parts of a deed: 2 Bl. Com., 298; 4 Kent. Com., 460; upon the point that the habendum may operate to reduce the estate given by the premises: Moss v. Sheldon, 3 W. & S. 160; and other authorities, among them Watters v. Bredin, 70 Pa. 235, and Berridge v. Glassey, 112 Pa. 442, to show that deeds are to be construed so as to give effect to the intention of the parties, to be ascertained from the instrument as a whole. The opinion then proceeded:

An estate in fee-simple cannot be vested in a man without the word heirs, but that word is often used in mere executory contracts for the sale of land, and in leases for a definite period of time. It is of no consequence what word is used to pass the estate, as, if it be a lease, the context will show whether it is used to vest an estate for years, or for life, or in fee-simple.

In looking at the situation of the grantor at the date of the transaction, we see a man, with a wife and one child, a son, an

Opinion of Court below.

infant, having no other property or estate, as we can see, than that described in this transaction. He knows that in case of his death his widow can only receive, under the law, one third of the rents, issues, income and profits of that; or the interest of the one third of the valuation money thereof, if sold, which he believes would not be sufficient for her comfortable maintenance and support durante viduitate; and, being desirous of providing amply for her welfare and comfort during widowhood, and securing the premises to his son and heir, after her marriage again, or her death, he concludes to give her the full control, with the whole income, issues, rents and profits of said real estate during her widowhood, reserving to himself, his heirs and assigns, the fee. To accomplish this purpose, and to give her his real estate upon those terms and conditions, he applies to some person to prepare the necessary writings, who attempted to carry out his views and wishes by means of the conveyance we have before us.

Of the intention of the parties to this conveyance I cannot entertain a doubt. I consider the case ruled by Haupt v. Wolverton, and like cases, in which the deed was to A and to her heirs and assigns, in the premises (as the one before us is), with habendum, "so long as she bears the name of B, her husband," that is durante viduitate, with a reservation of the fee to the grantor, his heirs and assigns; and I am of opinion that when Kate Whitby, the grantee, again married and ceased to be the widow of Henry Whitby, she forfeited the estate and all her rights therein to the heirs and assigns of the grantor, that is, to Harry Whitby, the only son and heir of Henry Whitby, the grantor, in whom the title to the fee became vested on the death of Henry Whitby, the grantor, his father; and being of opinion that the fee in the real estate, described in said conveyance or conveyances, is vested in said Harry Whitby, the plaintiff in the case stated, we, in accordance with the terms of the case stated, enter judgment for the plaintiff.

—Thereupon the defendant took this appeal, specifying that the court erred:

1. In entering judgment on the case stated for the plaintiff.

*Mr. John E. Malone* (with him *Mr. J. L. Steinmetz*), for the appellant:

Arguments.

1. If the court erred in holding that the two conveyances mentioned in the case stated must be taken and construed together, as forming really but one conveyance from husband to wife, the judgment must be reversed; for, if they are two separate conveyances, as on their face they purport to be, then Albert E. Carpenter is the grantor of Kate Whitby, he and not Henry Whitby would hold the reversion in case of a forfeiture of the estate of Kate Whitby for breach of a condition imposed in the deed to her from Carpenter, and no one but Carpenter or his heirs could enter upon the breach. Under the stipulation in the case stated, judgment was to be entered for the plaintiff only in case it should be adjudged that the fee-simple was vested in Henry Whitby.

2. That the court was in error in treating Carpenter as a mere middle-man or conduit to transmit the title from the husband to the wife, is clear upon the agreed statement of facts. It was not admitted, nor stated as a fact, that Carpenter was such, and on the face of the deed from Whitby to Carpenter an absolute title was conveyed. For aught that appears, Carpenter could have conveyed the property to whomsoever he pleased. In a case stated, as in a special verdict, whatever is not distinctly set forth as admitted, must be taken not to exist: Phila. etc. R. Co. v. Waterman, 54 Pa. 337; Berks Co. v. Pile, 18 Pa. 493; 1 Tr. & H. Pr., § 733.* The court cannot presume one fact from another, as a jury may: Diehl v. Ihrie, 3 Wh. 143. In inferring that Carpenter was a mere middleman, the court went beyond the case stated, and its judgment is therefore erroneous, even if it correctly construed the deed from Carpenter to Kate Whitby.

3. But that deed will not bear the construction placed upon it by the court below, under which Mrs. Whitby would have an estate during widowhood only. The deed is in proper form ; no part of it is missing, nor is any part out of place. The only difficulty it presents is that the habendum is repugnant to the premises. But this habendum is void, because, under it, a freehold estate would be granted to commence in the future, the provision being that she should take as widow of Henry Whitby, which she could not do until after his death. That

---

* See Seiple v. Seiple, 133 Pa. 460.

*Arguments.*

this was the intention is made plain by the expression used, "in case she survive him." A freehold cannot be granted in this way, without the creation of a precedent particular estate: 2 Bl. Com., 165, 166. The habendum being void, and the grant in the premises being to her and her heirs, she took an estate in fee-simple: Carter v. Madgewick, 3 Lev. 339.

4. The habendum is void for another reason: namely, that it contradicts the premises, by attempting to reduce to a life-estate the fee-simple granted in the premises: 2 Bl. Com., 298; 4 Kent Com., 468; 2 Washb. on Real Prop., 641; 12 Greenl.'s Cruise, §§ 75, 76; 2 Hilliard on Real Prop., 375; Wager v. Wager, 1 S. & R. 375; Tyler v. Moore, 42 Pa. 374. All the cases decided in this state in which the question was raised, are to that effect. Notwithstanding Moss v. Sheldon, 3 W. & S. 160, cited by the court below, this rule is well settled: See Tyler v. Moore, supra. The other cases which the court cites are not analogous in their facts to the present one. The court in its struggle to impute an intention to Henry Whitby, whom it erroneously regards as the real grantor of his wife, assumes that at the time the conveyances were executed he had no other property. This assumption is not justified by the case stated, and is contrary to the fact. But what Whitby's intention was should have been found from his deed to Carpenter.

*Mr. David McMullen* and *Mr. H. C. Brubaker*, for the appellee:

1. It is apparent from the record that the two deeds were parts of one and the same transaction, and the manifest intention of the parties was the conveyance of the land from the husband to the wife through Carpenter as a mere conduit of the title. In deeds, as in wills, the intention of the grantor is the cardinal rule of construction; and, especially is this the case when conveyances are made for a nominal consideration: Huss v. Stephens, 51 Pa. 282; Mergenthaler's App., 15 W. N. 441; Criswell v. Grumbling, 107 Pa. 409. The construction must be made upon the entire deed, so as if possible to give effect to every part of it: Sheppard's Touchstone, 83, 84. The language of the deeds to Kate Whitby cannot be understood in any other sense than that she was to have a life-estate, upon condition that she remained the widow of Henry Whitby.

Opinion of the Court.

Such a condition is valid: 2 Bl. Com., 121, 155; Sheppard's Touchstone, 118, 129, 131; Co. Litt., 223; Bennett v. Robinson, 10 W. 350; Commonwealth v. Stauffer, 10 Pa. 356.

2. It matters not whether her estate was for life or durante viduitate, as the remainder in fee vested in Henry Whitby's heirs. In contending that the habendum is void because it contradicts the premises, the appellant's counsel overlook the rule that the intention of the grantor must prevail, and also the rule that the habendum in a deed may enlarge, qualify, expound or vary the estate given by the premises: See Sheppard's Touchstone, 73, 109; Moss v. Sheldon, 3 W. & S. 160; Tyler v. Moore, 42 Pa. 374; Watters v. Bredin, 70 Pa. 235. Even if the true construction of the instruments be that a fee-simple estate was granted to Mrs. Whitby, it nevertheless was dependent upon a contingency, and upon the breach of the condition, by her marriage to Duffy, the fee at once reverted to and vested in Harry Whitby as the heir of the grantor, Henry Whitby. By reason of his minority he cannot be prejudiced by a failure to enter for condition broken. We submit that, whether by remainder or by reversion, the fee is vested in Harry Whitby.

OPINION, MR. CHIEF JUSTICE PAXSON:

The learned judge below held that the deed from Henry Whitby to Albert E. Carpenter, and the deed of Carpenter to Kate Whitby, wife of the said Henry Whitby, constituted one transaction, the object and effect of which were to transfer the title of the real estate in question from Mr. Whitby to his wife. In this there was no error. Both deeds were for the consideration of one dollar; they were executed on the same day, and witnessed by the same persons. It is evident that Carpenter was the mere conduit through which the title was to pass. In contemplation of law, the fee never vested for a single moment in him; it passed through him, without stopping. It is almost absurd to suppose that he was to take any interest, however slight, in the property. It was strongly urged, however, that the learned judge below traveled out of the case stated, in order to reach this conclusion. We do not think so. It was the proper, legal construction of the papers, and their construction was for the court. That, in part, at least, is what courts are for.

Opinion of the Court.

Regarding this, then, as a settlement by Whitby upon his wife, it is almost grotesque to suppose that he intended that after his death his widow should give this estate to a stranger to his blood. This is just what she did. Mr. Whitby married a wife much younger than himself. Shortly after this settlement he died, leaving his widow and one child, the present plaintiff surviving. The widow married again, and, almost before the honey-moon had elapsed, she made her will in which she bequeathed and devised all her estate, real, personal, and mixed, whatsoever and wheresoever, " unto my beloved husband, John J. Duffy, his heirs and assigns, forever," thus cutting off her only child, the child of her first husband from whom she acquired the estate, without a dollar. In the light of these circumstances, we will consider the terms of the deed from Carpenter to Mrs. Whitby. The habendum is as follows : " To have and to hold the said tract or piece of land hereby granted unto the said Kate Whitby, her heirs and assigns, to and for the only proper use and behoof of the said Kate Whitby, her heirs and assigns, for and during her continuing the widow of the said Henry Whitby, in case she survive him, and at her decease, to him, the said Henry Whitby, his heirs and assigns forever, in fee."

This is clumsily worded, but the intent is clear to give the widow an estate during widowhood, and, after her marriage or death, to his son, Henry Whitby, in fee. The intent is not as clearly expressed as it might be, the fault, possibly, of the conveyancer; but, regarding this for what it really is, a settlement by a man upon his wife, probably a substitute for a will, and looking at the situation of the grantor, an old man providing for a young wife and leaving one child, an infant, at the time, " we see a man," to adopt the language of the learned judge below, " with a wife and one son, an infant, having no other property or estate, as we can see, than that described in this transaction. He knows that in case of his death his widow can only receive under the law one third of the rents, issues, and profits of that; or the interest of the one third of the valuation money thereof, if sold, which he believes would not be sufficient for her comfortable maintenance and support durante viduitate ; and, being desirous of providing amply for her welfare and comfort during widowhood, and securing the

premises to his son and heir after her marriage again or her death, he concludes to give her the full control, with the whole income, issues, rents, and profits of said real estate, during her widowhood, reserving to himself, his heirs and assigns, the fee." It would be a violent presumption, too violent to be entertained for a moment, to suppose that he intended this estate to go to a second husband of his wife, after her death, to the exclusion of his own child. Yet, if the language of the deed requires this construction, the estate must go there, however shocking it may be to our sense of natural justice. Fortunately, we are not driven to this conclusion. There is abundance in the case to justify the ruling of the learned judge below.

Judgment affirmed.

