## H. T. D. WILSON v. C. WEIS ET AL.

### Decided December 7, 1910.

**1.—Promissory Note—Alteration—Release of Endorser.**

At the time a promissory note was endorsed by an accommodation endorser it read payable to "myself," meaning the maker of the note; subsequently and without the knowledge or consent of the endorser, the maker added after the word "myself" the name of the party to whom he negotiated the note; the maker endorsed the note at the time he negotiated it. In a suit by the party to whom the note was negotiated against the maker and endorser, held that said alteration released the endorser from liability thereon.

**2.—Same—Public Policy.**

Any unauthorized alteration in a written instrument will release the parties thereto. It is not necessary that the alteration should be material or injuriously affect the complaining party; it would have the same effect even though the alteration was beneficial to the complaining party. The rule rests upon public policy. An alteration, however, which works no change, but leaves the terms of the contract the same as before, will not vitiate it.

Appeal from the County Court of Harris County. Tried below before Hon. A. E. Amerman.

*Fisher, Sears & Sears,* for appellant.

*Love & Channell,* for appellee Mrs. Cohen.

JAMES, ASSOCIATE JUSTICE.—This proceeding was begun in the Justice's Court by S. Messenger against C. Weis as principal and H. T. D. Wilson as endorser on a note for $150. Mrs. G. Cohen intervened claiming to be the owner of the note.

The note, which is attached to the statement of facts, is as follows:

"No.————·                    "Houston, Texas, May 30, 1908.   Due————

Thirty days after date, for value received, we and each of us, jointly and severally, promise to pay to the order of

Myself—Mrs. G. Cohen

~~UNION BANK AND TRUST COMPANY~~

the sum of One Hundred and fifty..........No/100 Dollars ($150.00) together with interest thereon at the rate of eight per cent per annum from maturity until paid; principal and interest of this note payable at the office of ~~Union Bank and Trust Company,~~ at Houston, in Harris County, Texas.

"If this note is not paid at maturity and is placed in the hands of an attorney for collection we agree to pay ten per cent additional upon the principal and interest hereof as attorney's fees for collection.

"Each maker, surety and endorser hereon, especially waives grace, protest, notice and presentation for payment.

C. Weis."

"Address————."

The note bears endorsement as follows:
"C. Weis."  "H. T. D. Wilson."  "Extended 90 days."  "Extended 60 days."

The judgment in the Justice's Court was against appellant for the amount of the note, in favor of Mrs. Cohen.

The case came to the County Court on appeal, when Wilson filed his written pleading, claiming that the extensions evidenced by the endorsements, operated to discharge him as endorser. He also pleaded, under oath, that the instrument sued on was not the note he signed, nor was same executed by him or by any person authorized to execute it for him, but that it contains an alteration making it another and different contract from that which he intended to obligate himself, which alteration consisted in adding and interlining the name of Mrs. G. Cohen, after the execution and delivery of said note to the intervener, and that it was without his knowledge or consent and constituted a new contract which is not in any way binding on this defendant.

In the County Court judgment again went against Wilson, who appeals.

The first assignment of error is that the court erred in admitting the note in evidence over appellant's objection, because the same bore an alteration apparent upon its face and was inadmissible until said alteration was explained.

The second assignment is that the court erred in not withdrawing the note from evidence when intervener failed to show that the alteration was made with defendant's knowledge or consent, or in some way by his authority.

The third is that the court having found that the note sued on had

been altered by the insertion of the name of "Mrs. G. Cohen" as the payee, erred in not rendering judgment for appellant.

The fourth is that the court erred in not rendering judgment for Wilson when it found as a fact that there were two extensions of the note, and did not find that said extensions were made by Wilson's authority, or with his knowledge and consent.

The fifth is that the court erred in excluding the testimony of Wilson going to show that the words in small type "Union Bank & Trust Company" in the note sued on had been scratched out subsequent to his endorsement thereon.

The bill of exceptions shows the court overruled the objection to the admission of the note, with the statement that it would be allowed to go in subject to subsequent explanation.

The court resolved the facts by the following conclusions:

"*Findings of Facts.*—The court finds that on or about the 30th day of May, 1908, C. Weis approached S. Messenger, the son-in-law of Mrs. G. Cohen, for the loan of one hundred and fifty dollars ($150). That the said Messenger told the said Weis that he could get the money for him from his mother-in-law, Mrs. G. Cohen, provided he could secure a good endorser.

"That thereafter Weis approached Harvey T. D. Wilson and induced him to sign the note as an accommodation endorser.

"That said note was a printed note such as is used by the Union Bank & Trust Company.

"That when the note was presented to H. T. D. Wilson for his endorsement the words 'Union Bank & Trust Company' had been stricken out and the word 'myself' inserted, and that the words 'Union Bank & Trust Company' in small letters in the body of the note, designating the place at which the note was payable, were stricken out.

"That when Mr. Wilson endorsed the note the words 'Mrs. G. Cohen' were not on the note.

"That subsequently Weis presented the note to Messenger and that it then had all of the alterations upon it which now appear in the note, including the words 'Mrs. G. Cohen.'

"That Messenger thereupon gave him the $150 and accepted the note. That C. Weis is now a non-resident of the State of Texas and no service has been had upon him.

"That on the back of said note appears two extensions, one for ninety days and one for sixty days.

"That in the body of the note appears a printed waiver of grace, protest, notice and presentation for payment. That Mrs. G. Cohen is the legal owner and holder of said note."

The material conclusion of law was: "The court concludes that the insertion of the words 'Mrs. G. Cohen' was not such a change in the note as would release endorsers or sureties."

There was no expressed conclusion of law as to the matter of the extensions, nor as to the striking out of the words "Union Bank & Trust Co." in the designation of the place at which the note was payable.

The court having found as a fact that after Wilson had endorsed the paper, the note which then read payable to "myself" was changed to read "myself—Mrs. G. Cohen," the question of the liability of Wilson is presented, without the necessity of our discussing the question raised by the first and second assignments. The vital question is that contained in the conclusion of law above copied. We think the court has erred in the conclusion.

The circumstances are these: The instrument when presented to Wilson for his accommodation endorsement, and when he endorsed it, was a note payable to the order of "myself"; which meant "Weis." Wilson intended thereby to obligate himself to any one to whom Weis by endorsement transferred it. After Wilson placed his name upon it, Weis added after the word "myself" the name of Mrs. G. Cohen, the person to whom he negotiated it. His name appears endorsed on the note.

It is claimed by appellee, as held by the trial judge, that the change was not a material one, because it did not prejudice any right of the endorser, and we confess it is impossible to see how his liability and his legal rights were any different than they would have been had the alteration not been made, and had Weis simply endorsed the instrument in its original form and delivered it to Mrs. Cohen.

That in the sense that Wilson was not affected injuriously by the alteration, it was not a material change may be conceded; but that is not the test, as the change may be beneficial to the party complaining and yet avoid the paper. Ryan v. Morton, 65 Texas, 258; Adams v. Faircloth, 97 S. W., 507. The rule is in furtherance of a principle of public policy, to discourage tampering with written contracts. It applies to any change of the terms of the instrument as the same existed when entered into by the party. An alteration that works no change, but which leaves the terms of the contract the same as before, does not vitiate it. But here, Wilson endorsed a note which was payable to the order of one person, and the change made it payable to the order of another person. The note was not the same in its provisions as it was before the alteration. Such a change has of itself frequently been held to vitiate instruments. Bell v. Mahin, 29 N. W., 331; Horn v. Newton, 4 Pac., 1025; Erickson v. First Nat. Bank, 28 L. R. A., 577. The only case decided in this State, so far as we have learned, which bears on the question is Skelton v. Tillman, 20 S. W., 71. There a note payable to E. M. Tillman was changed so as to make the payee E. M. Tillman & Bro. by interlining the words "& Bro." The Supreme Court adopted the opinion of the Commissioners in the last named case, and the reasoning of the opinion leaves no room for doubt that an alteration of this kind is a material one in the sense of the rule.

This being so, the necessary result is that recovery can not be had

on it against the endorser. Wherefore, the judgment is reversed and judgment here rendered in favor of appellant.

*Reversed and rendered.*