FERGUSON et al. v. DODD et al.   (No. 7027.)*

(Court of Civil Appeals of Texas. Galveston. Jan. 6, 1916. Rehearing Denied Feb. 10, 1916.)

1. ACTION &57 — CONSOLIDATION — PROPRIETY.

The court did not err in consolidating two suits in trespass to try title, where the parties and issues in both were the same.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 632–675; Dec. Dig. &57.]

2. HUSBAND AND WIFE &131—CONVEYANCE —PRESUMPTION OF GIFT.

Where title to land, the community property of husband and wife, is passed by two simultaneous deeds for nominal consideration by the husband to a third person, and by such third person to the wife, the conveyances are equivalent to a deed from the husband to the wife and raise the presumption that there was a gift by the husband to make the land the wife's separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 203–209; Dec. Dig. & 131.]

3. CONTRACTS &164 — SIMULTANEOUS CONTRACTS—CONSTRUCTION.

In construing simultaneous contracts, the court should seek the intention of the parties from the words used, the subject-matter, and the purpose of the contracts, reconciling conflicting clauses, if any, and consider the instruments in the light of surrounding circumstances, so as to give them fair and customary construction.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 746–748; Dec. Dig. &164.]

4. DEEDS &99—SIMULTANEOUS DEEDS—CONSTRUCTION.

Two deeds executed at the same time between the parties thereto, both referring to the same subject-matter, are to be taken as parts of the same contract, and as forming one entire agreement.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 261–265; Dec. Dig. &99.]

5. VENDOR AND PURCHASER &242 — BONA FIDE PURCHASERS—BURDEN OF PROOF.

Where a wife held the legal title to lands, and conveyed it away, the burden was upon the heirs of her husband, seeking to assert their equitable title in trespass to try title, to show that the purchasers of the legal title from the wife were not innocent purchasers.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 469–473; Dec. Dig. &242.]

Appeal from District Court, Harris County; J. W. Woods, Special Judge.

Suits by Mrs. A. M. Ferguson and others against H. W. Dodd and others. From judgment for defendants, plaintiffs appeal. Affirmed.

John A. Kirlicks, John M. Cobb, and John B. Warren, all of Houston, for appellants. Ross & Wood and Stewarts, all of Houston, for appellees.

LANE, J. Mrs. A. M. Ferguson, the widow, and W. E. Ferguson, C. B. Ferguson, T.

---

E. Ferguson, and H. K. Ferguson, the children, respectively, of J. T. Ferguson, deceased, filed two suits in the Eleventh district court of Harris county, Tex., against H. W. Dodd, J. W. Brown, J. Lobit, B. Adoue, J. H. Agen, and S. S. Z. Thompson, in the ordinary form of trespass to try title. The first was a suit to recover a one-fourth undivided interest in a tract of land of about 1,000 acres, a part of a survey of 3,000 acres of land patented to J. L. Stanley in 1838, said suit being numbered 55744 on the docket of said court, and the second was a suit to recover a one-fourth undivided interest in a tract of about 400 acres of land, which is also a part of the same survey, and is numbered on said docket 55750. Upon motion of defendants, the trial court consolidated the two cases and tried them as one case. All of the defendants, except Dodd, Brown, and Agen, were dismissed from this consolidated cause, in so far as the issues presented by this appeal are concerned. The remaining defendants answered by plea of not guilty. After having heard the pleading and evidence adduced, the court found that all that portion of the said Stanley 3,000-acre survey which J. L. Stanley had not sold prior to his death, and consequently the land sued for by plaintiffs, was at the time of Stanley's death the separate property of Mrs. Mary A. L. Stanley by virtue of two deeds, one from J. L. Stanley to A. Wynn, and the other from A. Wynn to Mrs. Mary A. L. Stanley, hereinafter more fully described, as a matter of law. The jury having found all issues submitted to it in favor of defendants, judgment was rendered for them for the land sued for. From this judgment, the plaintiffs Fergusons have appealed.

That the assignments of error presented by appellants may be clearly understood, we deem it necessary in the outset to make the following statement:

Three thousand acres (17 labors) of land, situated in Harris county, Tex., was patented to Jonathan L. Stanley in 1838. At the time said land was patented, J. L. Stanley and Mary A. L. Stanley were husband and wife, and said land was their community property. On the 1st day of October, 1840, J. L. Stanley, by his deed of that date, for a recited consideration of $150, conveyed to A. Wynn the said 3,000 acres of land, and for a recited consideration of $100 he conveyed, by the same deed, to said Wynn 100 head of cattle. By a deed dated October 2, 1840, but which was in fact acknowledged and recorded on the 1st day of October, 1840, A. Wynn, for a recited consideration of $100 for the land and $100 for the cattle, conveyed the same land and cattle conveyed to him by J. L. Stanley to Mary A. L. Stanley. Both of said deeds were acknowledged at 10 o'clock a. m., on the 1st day of October, 1840, before the same officer, and were both filed for record at the same hour and actually recorded on the same date, to wit, October 1, 1840. There was no evidence tending to explain the intention of the parties, other than what is shown by the deeds, except the fact that Archibald Wynn was a lawyer, and was, at or about the time of the execution of the deeds mentioned, performing legal services for J. L. Stanley, and in about five or six months after the execution of said deeds he was representing Stanley in a suit brought by J. W. Oates against Stanley to compel him to convey 1,000 acres of the said 3,000-acre survey, to which Stanley had executed a title bond to Oates on the 1st day of October, 1838. In April, 1841, by order of court, Stanley conveyed said 1,000 acres to Oates.

J. L. Stanley died intestate in 1843. There was never any administration on his estate. He left surviving him his widow, Mrs. Mary A. L. Stanley, and his two children, William T. Stanley and Martha A. E. Stanley. Mary A. L. Stanley, after the death of J. L. Stanley, executed and delivered to Wm. Anders a deed to 400 acres, more or less, of the land involved in this suit, and she also executed and delivered to J. J. Cain and George W. Hagey a deed to 1,000 acres, more or less, of said land. Thereafter Wm. Anders conveyed the land so purchased by him to Cain & Hagey. The defendants hold under Cain & Hagey, or their assigns. On the 23d day of April, 1879, William T. Stanley, son of J. L. Stanley, deceased, conveyed to J. T. Ferguson "all title, interest and claim" he had in and to any and all lands, lots, and premises to which he was by law entitled, formerly belonging to his father, J. L. Stanley, deceased.

It is apparent from what has been stated that the plaintiffs, who are the heirs of J. T. Ferguson, deceased, base their suit upon the theory that, at the time of the death of J. L. Stanley in 1843, the land involved in this suit was the community property of said Stanley and his wife, Mary A. L. Stanley, and that upon the death of J. L. Stanley one-half undivided interest therein, by law, passed to W. T. Stanley and Martha A. E. Stanley, surviving children of said J. L. Stanley, and that by the deed of W. T. Stanley before mentioned J. T. Ferguson became the owner of a one-fourth undivided interest in said lands, and that defendants' defense is that by the two deeds hereinbefore mentioned, one from J. L. Stanley to A. Wynn, and the other from said Wynn to Mary A. L. Stanley, passed the title to said land to said Mrs. Mary A. L. Stanley, as her separate property; that Mrs. Stanley had conveyed 400 acres thereof to Anders and 1,000 acres thereof to Cain & Hagey; and that the title to all of said land had passed by mesne conveyances from Cain & Hagey to defendants.

Defendants also insist that, if it be conceded that the two deeds of Stanley to Wynn and Wynn to Mrs. Stanley did not pass the title to said land to Mrs. Stanley as her separate property, they did at least pass the legal title thereto to her, and, this being true, the title of the heirs of J. L. Stanley, or their assigns, was only an equitable title, and that

as such equitable owners had the burden of showing that the purchasers of the legal title from Mary A. L. Stanley were not innocent purchasers for value without notice, etc.

Appellants' first assignment is that the trial court erred in consolidating the two cases upon the motion of appellees.

[1] We do not think the court erred in consolidating the two cases. The parties and issues in both cases were the same, and therefore no harm could have resulted to appellants by such consolidation. We therefore overrule the first assignment.

The only question remaining necessary to be decided, which if decided in favor of appellees puts an end to the entire controversy, is: Was the land involved in this suit, at the time of the death of J. L. Stanley, the community property of J. L. Stanley and wife, Mary A. L. Stanley, or was it the separate property of said Mary A. L. Stanley? If it was the separate property of Mrs. Stanley, William T. Stanley could not, and did not, inherit any interest therein from his father, J. L. Stanley, deceased, and his deed to J. T. Ferguson conveyed no interest in the same to said Ferguson, under whom appellants claim.

[2] Where land is community property of husband and wife, and the title by two simultaneous deeds for nominal considerations is passed by the husband to a third person and by such third person to such wife, as in this case, such conveyances are equivalent to a deed from the husband to his wife, and would raise the presumption that it was a gift by the husband to the wife to be her separate property.

[3] In construing simultaneous contracts, the court should seek the intention of the parties from the words used, the subject-matter, and the purpose of the contracts, reconciling conflicting clauses, if any, and consider such instruments in the light of surrounding circumstances, so as to give them fair and customary construction. If we place ourselves in the position of J. L. Stanley and his wife and A. Wynn, Stanley's lawyer, parties to the two deeds of date October 1, 1840, we cannot conceive that Wynn, the lawyer, would undertake by such instruments to make it appear that property which was already community property was in fact such community property, nor that it was his purpose or that of his client, in the preparation and execution of such instruments, in the manner and form as they were prepared and executed, to undertake to place such property beyond the reach of Stanley's creditors, if any he had. Therefore we must conclude that the parties to such instruments were not undertaking to do such foolish things as above suggested; but, on the contrary, we are driven to the conclusion that J. L. Stanley intended by said two deeds to give his wife, Mary A. L. Stanley, his interest in the 3,000 acres of land conveyed, and that such deeds had the effect to pass the title to said land to Mrs. Stanley as her separate property. Such being the fact, J. L. Stanley had no interest in the land in question at the time of his death, and consequently W. T. Stanley, his son, inherited no interest therein from his father, and that by his deed to J. T. Ferguson he conveyed no interest in the same to Ferguson.

[4] It is well settled by the uniform holdings of our courts that two deeds or instruments of writing executed at the same time between the parties thereto, both referring to the same subject-matter, are to be taken as parts of the same contract and as forming one entire agreement. Whitby v. Duffy, 135 Pa. 620, 19 Atl. 1065; Hamilton v. Rathbone, 175 U. S. 414, 20 Sup. Ct. 155, 44 L. Ed. 219; Dicken v. Cruse, 176 S. W. 655; Vinson v. Carter Bros., 161 S. W. 49; Sanger Bros. v. Brooks, 101 Tex. 115, 105 S. W. 37; Howard v. Davis, 6 Tex. 180 ; Wallis v. Beauchamp, 15 Tex. 306.

In the case of Whitby v. Duffy, supra, which is a case presenting practically the same question as presented in the present case, the court said:

"The learned judge below held that the deed from Henry Whitby to Albert E. Carpenter, and the deed of Carpenter to Kate Whitby, wife of the said Henry Whitby, constituted one transaction, the object and effect of which were to transfer the title of the real estate in question from Mr. Whitby to his wife. In this there was no error. Both deeds were for the consideration of one dollar; they were executed on the same day, and witnessed by the same persons. It is evident that Carpenter was the mere conduit through which the title was to pass. In contemplation of law, the fee never vested for a single moment in him; it passed through him, without stopping. It is almost absurd to suppose that he was to take any interest, however slight, in the property. It was strongly urged, however, that the learned judge below traveled out of the case stated, in order to reach this conclusion. We do not think so. It was the proper, legal construction of the papers, and their construction was for the court. That, in part at least, is what courts are for."

We feel that it is unnecessary to continue this discussion further in order to show that the trial court correctly held that the two deeds, the one from Stanley to Wynn, and the other from Wynn to Mrs. Stanley, conveyed all the interest J. L. Stanley had in and to the said 3,000-acre survey, at the date of said deeds, as her separate property. Such being true, it follows that as the title of the land in question was in Mrs. Stanley at the time of the death of J. L. Stanley, and that the same was her own separate property, her deeds passed the legal and equitable title thereto to Anders and to Cain & Hagey, and that the defendants (appellees) who claim under said last-named parties are now the lawful owners of said land. Of course, it also follows that, as J. L. Stanley had no interest in said land at the time of his death, W. T. Stanley, his son, inherited no interest therein from him, and that his deed to J. T. Ferguson conveyed no interest whatever in the same.

What has been said disposes of all of appellants' assignments, as the question already decided hereby renders the errors of the court, if any, complained of by appellants' other assignments, immaterial, unless it be the second proposition under their second assignment.

Appellants' second proposition under their second assignment insists that J. T. Ferguson in his purchase from W. T. Stanley was authorized to rely upon the record as to the title of the land in controversy; that such record showed that said land was community property of J. L. Stanley and wife at the time of the death of said J. L. Stanley in 1843. Since his deed from W. T. Stanley was over 30 years old at the time of the institution of the suit of plaintiffs, and, as all parties to the two deeds of Stanley to Wynn and Wynn to Mrs. Stanley were dead, it should be presumed by the court that he (Ferguson) paid value without notice, etc.

[5] We think, from what has been already said, it has been shown that the record discloses that the land in question was the separate property of Mrs. Stanley. It is at least clear that she held the legal title, and that it passed to her grantees by her deeds, and that if appellants held any title it was at most an equitable title; and, such being the case, the burden was on them to show that the purchasers of the legal title from Mrs. Stanley were not innocent purchasers before they could recover. No contention is made that such burden was discharged or even attempted. Patty v. Middleton, 82 Tex. 586, 17 S. W. 909; Eddy v. Bosley, 34 Tex. Civ. App. 116, 78 S. W. 565; Godley Lumber Co. v. Teagarden, 135 S. W. 1109; Texas Loan Ass'n v. Taylor, 88 Tex. 47, 29 S. W. 1057; Taylor v. Doom, 43 Tex. Civ. App. 59, 95 S. W. at page 6; Turner v. Cochran, 63 S. W. 152; Edwards v. Brown, 68 Tex. 329, 4 S. W. 380, 5 S. W. 87; Barnes v. Jamison, 24 Tex. 362.

We have disposed of all of appellants' assignments, and finding no such error, if any, as should cause a reversal of the judgment rendered by the lower court, the same is affirmed.

Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.