Opinion of the court.

## V. I. CLARK v. N. B. HANEY.

(Case No. 1765.)

1. PLEADING — NAME OF PARTY TO SUIT.— There is nothing in the objection that the name of the plaintiff nowhere appears in the petition, when the caption states the same.

2. EXPRESS TRUST — ABSOLUTE DEED.— Where the mortgagee verbally agreed with the wife that, in case she and her husband conveyed the mortgaged premises absolutely to him, he would surrender his indebtedness, sell the property to pay the money due him, and pay over to them the sum remaining, or reconvey that portion of the land unsold to them, and he afterwards repudiated the agreement, it was *held:*

   (1) That he was a trustee for his grantors.

   (2) That if the deed had been properly executed, the promise being made to a married woman would in no wise change the rule.

   (3) That the absolute conveyance and parol agreement did not operate as a conditional sale, there being no particular time or event on account of which the grantee could claim that the payment was too late for a reconveyance.

   (4) That one making a deed, on the faith of a promise afterwards broken, may be relieved in a court of equity.

   (5) That a court of equity will compel a party to dispose of land in accordance with his agreement made to that effect, when such promise was the means for obtaining the legal title to himself and he afterwards held and dealt with it as his own.

3. EVIDENCE — TRUST.— Parol evidence is admissible to show that a deed absolute on its face was executed and delivered upon certain trusts, not reduced to writing, and which the grantee promised to perform. Citing, Mead *v.* Randolph, 8 Tex., 191; McClenny *v.* Floyd, 10 Tex., 159, and Gibbs *v.* Penny, 43 Tex., 560.

APPEAL from Hunt. Tried below before the Hon. Green J. Clark.

*Matthews & Neyland* and *T. D. Montrose*, for appellant, cited, on proposition that the deed was a trust deed: Loving *v.* Milliken, 59 Tex., 425; Gibbs *v.* Penny, 43 Tex., 561; De Bruhl *v.* Maas, 54 Tex., 464; Jones on Mortgages, vol. 1, sec. 241 *et seq.*

*Perkins, Gilbert & Perkins*, for appellee, cited: R. S., arts. 559 and 4310; Cannon *v.* Boutwell, 53 Tex., 626; Hall *v.* Dotson, 55 Tex., 520; Calhoun *v.* Lumpkin, 60 Tex., 185; Browne, Stat. Frauds, sec. 439 and notes, and sec. 445a; Sweet *v.* Mitchell, 15 Wis., 641; Rasdall *v.* Rasdall, 9 Wis., 379; Bandor *v.* Snyder, 5 Barb., 63; 7 id., 59.

WILLIE, CHIEF JUSTICE.— There is nothing in the objection taken to the petition that it does not show who is the plaintiff nor what is her name. The caption states the name of the case as "V. I. Clark

*v.* N. B. Haney," which is a sufficient indication of who are the parties, and which is plaintiff and which defendant, and the statement in the body of the petition, that the allegations are made by the plaintiff, sufficiently points out the person bringing the suit. The petition was an amended original petition, filed in lieu of a former pleading, and the proceedings in the cause must have shown clearly the name of the party plaintiff, and rendered certain the person designated as plaintiff in the amended petition.

The allegation that the representations and promises, upon which the defendant procured the deed to the lands in controversy, were made by him on the 27th of May, 1882, is evidently a clerical error, as is apparent from the face of the petition itself. For it is averred that the plaintiff, trusting the representations and promises of the defendant as to how he would hold the lands and for what purposes he would dispose of them, joined her husband in executing the deed dated January 27, 1882. Of course the plaintiff could not, in making the deed, have relied upon promises which were not made till four months after the deed was executed and delivered. The petition must be construed as alleging that the promises antedated the making of the deed.

The facts upon which it is sought to establish, in the lands conveyed to defendant, a trust for the benefit of the plaintiff as alleged in the petition, are about these: Plaintiff and her husband were indebted to Haney in the sum of $1,350, evidenced by their joint notes, which were secured by a mortgage upon the lands conveyed. These lands were the separate property of Mrs. V. I. Clark, and were worth $10,000. Haney threatened to foreclose his mortgage if the notes were not paid. Mrs. Clark being unable to pay the notes, Haney demanded that a deed for the land be made to him for the amount of the indebtedness, which she refused to do, as the land was worth so much more than the debt. Failing in this, Haney then pretended to be dissatisfied with the mortgage security, and proposed that if Mrs. Clark and her husband would make him a deed for the land absolute on its face, he would give up the notes and would endeavor to sell the land, or a part of it, at private sale at its highest market value, and after satisfying his claim against plaintiff and her husband would pay over to her the remainder of the money arising from said sales, or convey to her the remainder of the land unsold after satisfaction of the debt. As an inducement to do this, he stated that he was a shrewd business man, and a man of means, and could get a better price for the land than she or her husband. Purchasers would expect to give him the full value, whilst they

would expect to buy from plaintiff and her husband at a reduced rate, as they would probably be selling at a sacrifice to raise money, as they were known to be greatly in want of it. That her husband was a dissipated, improvident man, incapable of protecting her interests, and that the arrangement would be greatly to her benefit. As the defendant's undertaking was to be by parol, Mrs. Clark feared it would not be binding upon him, and for this reason objected to it and declined to sign the deed. Haney then prevailed upon her to go with him to a lawyer's office, who, upon hearing of the proposed arrangement, pronounced it as binding as if reduced to writing and signed by the defendant.

Thereupon the plaintiff, trusting in the representations and promises of defendant, and the advice of his attorney, joined her husband in executing the deed, and delivered possession of the premises to the defendant. She also alleges that, upon the delivery of the deed, Haney delivered up the notes of herself and husband, but the deed was not intended to cancel the indebtedness, and was not a conveyance in payment of the note, but, though absolute on its face, was given in lieu of the mortgage, and for the more satisfactory security of the indebtedness to the defendant, and to enable him the more speedily to obtain payment by sale of the lands as provided in the parol agreement. She alleges that she was induced into the arrangement by the defendant, with the purpose of defrauding her out of the land for an inadequate price, and that he surrendered the notes with the intent to destroy the apparent relation of debtor and creditor between the parties, and to give a surer effect to the face appearance of the deed, and that she received them under the belief that the debt still existed, and that, provision having been made for its speedy payment at the option of defendant, the notes were an unnecessary evidence of the debt. She alleged a repudiation of the trust by Haney, and that he claimed to hold the land as his own, free of the trust. She prayed for a recovery of such lands as had not been sold by Haney, and tendered and paid into court the balance due on the indebtedness after deducting the amount realized from sales made under the trust. It is objected that these allegations show the execution of an incumbrance upon property by a married woman in a manner different from that pointed out by statute. The deed itself was properly executed. The promise of defendant was to a married woman, and had it been in writing, need not have been signed by any one but himself, and hence the law regulating conveyances by married women had nothing to do with the matter. It is said also that the facts show a conditional sale to

Haney. If so, the plaintiff was entitled to a reconveyance of the property upon tender of the amount due Haney, and this tender she made, and brought the money into court. There was no agreement as to the time in which the money should be paid, and hence one important element of a conditional sale was wanting; as at any event there was no time at which the defendant could claim that the payment was too late for a reconveyance.

But it is urged that the understanding between the plaintiff and defendant amounted merely to a promise on the part of the latter, and the breach of it was not a fraud of which a court of equity will take notice. It is laid down as a general rule by Browne in his work on the Statute of Frauds, § 95, which is fully supported by authority, that when a grant is made on the faith of a promise, and induced thereby, the breach of the promise is a fraud, and as such is ground for equitable relief. And to the same effect he lays down another general rule, which is precisely applicable to the case in hand, viz.: That where a verbal promise of the defendant to make a certain disposition of lands is the means of obtaining to himself the legal title, so that in fact he practices a deception upon his grantor by so obtaining the lands, and then holding and dealing with them as his own, a court of equity will compel him to perform his verbal agreement. All that is necessary is that the grantor has been duped by such promises into assigning his right to property, and that the trust has been afterwards repudiated. Even in those states where the seventh section of the Statute of Frauds, 29 Car. 2, ch. 3, forbidding express verbal trusts, is in force, promises of this nature have been enforced; deeds apparently absolute have had parol trusts engrafted upon them to prevent fraud, although the trust was express, and as such forbidden by the statute (Jones v. McDougal, 32 Miss., 179; Arnold v. Cord, 16 Ind., 177; Nelson v. Worrall, 20 Iowa, 469; and see Babcock v. Wyman, 19 How., 289, and cases cited), and parol express trusts are not forbidden.

This section is not in force in our state, and it is the current of decision here that parol evidence is admissible to prove that a deed absolute on its face was executed and delivered upon certain trusts not reduced to writing, and which the grantor promised to perform. Mead v. Randolph, 8 Tex., 191; McClenny v. Floyd, 10 Tex., 159; Gibbs v. Penny, 43 Tex., 560. Indeed, every express trust may be considered as involving in some measure a promise on the part of the trustee to do some act for the grantor or some person named by him. If this promise can be repudiated at the will of the trustee and the grantor be left to his action for breach of contract, the subject of express trusts may as well be removed from equity jurisdiction.

The present case is that of an agreement by the grantor, made before conveyance and as an inducement to it, to hold the lands deeded in trust for certain purposes and to reconvey when the trust was fully executed. Relying upon his faithful performance of the trust, and to enable him to do so, the deed of conveyance was made, with the distinct understanding that it was not to be absolute, but in trust for the purposes agreed on between the parties. To allow the grantee to repudiate the trust after he had obtained the apparent title and gone into possession, and to appropriate to himself the whole benefit of the property, would be to sanction a fraud and a wrong which it is the duty of a court of equity to prevent or to remedy. There was error in sustaining the demurrer to the petition, for which the judgment is reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered November 28, 1884.]

