SANGER BROTHERS v. IDER N. BROOKS ET AL.

No. 1740. Decided November 13, 1907.

**1.—Homestead—Pretended Sale—Innocent Purchaser—Notice.**

The husband and wife conveyed the homestead to one who on the same day reconveyed to the husband, taking note purporting to be for the purchase money and to be secured by a vendor's lien reserved in the deed. The transaction was simulated for the purpose of fixing on the homestead an incumbrance securing a debt of the husband for a stock of goods bought by him from the person so secured. Held that a purchaser of the notes and lien was taxed with notice of the nature of the transaction from the fact that the deed and reconveyance were contemporaneous, and was not protected, as an innocent purchaser, against the homestead claim. (Pp. 116–118.)

**2.—Same—Cases Distinguished, etc.**

Eylar v. Eylar, 60 Texas, 315; Hurt v. Cooper, 63 Texas, 362; Love v. Breedlove, 75 Texas, 49; distinguished. Heidenheimer v. Stewart, 65 Texas, 321, limited. (P. 117.)

**3.—Same—Notice of Fact of Homestead.**

A person accepting a lien upon property is bound to know that it is not homestead, not being protected by ignorance of that fact. (P. 118.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Henderson County.

Brooks and wife sued Sanger Bros. to cancel a conveyance of and purported lien on their homestead. They had judgment which, on appeal by defendants, was reversed and rendered in favor of appellants. Appellees then obtained writ of error.

*John S. Prince,* for plaintiff in error.—Two or more instruments executed contemporaneously between the same parties, in reference to the same subject matter, are to be taken as parts of the same contract and as forming one entire agreement. Howard v. Davis, 6 Texas, 179; Shaw v. Parvin, 1 Civ. Cas., sec. 365; Wallace v. Beauchamp, 15 Texas, 305; DeBruhl v. Maas, 54 Texas, 473; Dunlap v. Wright, 11 Texas, 602; O'Shaughnessy v. Moore, 76 Texas, 610; Lessing v. Grimland, 11 S. W. Rep., 1096.

The fact that Ider N. Brooks and J. A. Brooks were husband and wife, and that the premises were the homestead of themselves and family, and occupied as such, were facts of which the law charged Sanger Bros. with notice, just as a purchaser is bound to take notice of a recorded deed in his chain of title. Wheatstone v. Coffee, 48 Texas, 277; Texas Land and Loan Co. v. Blalock, 76 Texas, 88.

*Watkins, Green & Richardson,* for defendants in error.—The Constitution prohibits liens on the homestead except for purchase money or improvements. The lien asserted by the appellants was for purchase money, if the transaction was genuine, and appellees are estopped as against appellants from proving that it was otherwise. Heidenheimer Bros. v. Stewart, 65 Texas, 321; Hurt v. Cooper, 63 Texas, 362; New England Safe Deposit Co. v. Harrell, 39 S. W. Rep., 142;

Ramirez v. Smith, 56 S. W. Rep., 259; Graves v. Kinney, 66 S. W. Rep., 293; Love v. Breedlove, 75 Texas, 652.

Occupancy as a homestead or otherwise is not notice in law; but only puts one upon inquiry of the condition of the holding at the time the party is called on to make the inquiry, and if it transpires that the holding of the party is in harmony with the character of the instrument, further inquiry is not necessary. Heidenheimer Bros. v. Stewart, 65 Texas, 321; Eylar v. Eylar, 60 Texas, 315; Watkins v. Sproull, 8 Texas Civ. App., 430; Breneman v. Mayer, 24 Texas Civ. App., 178; Butler v. Carter, 58 S. W. Rep., 632; Brigham v. Thompson, 12 Texas Civ. App., 564; Sparks v. Texas Loan Agency, 19 S. W. Rep., 259; Hoffman v. Blume, 65 Texas, 334; Gaston & Thomas v. Dashiell, 55 Texas, 508; Causey v. Handey, 44 Texas Civ. App., 340; Graham v. Hawkins, 1 Posey Unreported Cases, 519.

Before a state of facts becomes notice in any given case, it must be such as to bring to the mind or attention of the party taking the paper some infirmity of the instrument, or some fact which would point the mind of the purchaser to its invalidity or illegality, or injury to the rights of another. Wade on Notice, secs. 92, 86; 21 Am. & Eng. Enc. Law, 585; Wethered v. Boon, 17 Texas, 150; Wynn v. Admire, 73 S. W. Rep., 33; 11 Pom. Eq. sec. 662; Webb, Record of Title, sec. 223.

Notice is ordinarily a question of fact and not a presumption of law, and the Court of Appeals having found that the defendants, Sanger Bros. were without notice, their finding will be conclusive, except the law forces a contrary presumption.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by Ider N. Brooks joined by her husband, J. A. Brooks, to cancel certain conveyances and promissory notes held by defendants which created a purported vendor's lien upon her homestead and to remove them as clouds upon her title. The defendants answered by a general denial, and also pleaded that the tract of land described in plaintiff's petition was sold and conveyed by one Odom to J. A. Brooks, and that the notes were executed by Brooks for the purchase money thereof and expressly retained a lien on the land; and that they had purchased the notes for value and without notice of any claim or defense against them or the lien retained by them. They prayed in reconvention for a judgment on the notes and an enforcement of their lien.

The facts established by the evidence are that one Odom sold to J. A. Brooks a stock of goods, who in part payment therefor executed the notes in controversy. In the first place, however, he had Brooks and wife to execute to him a deed to their homestead, and thereupon he conveyed the property back to Brooks—retaining in the conveyance and notes a purported vendor's lien for their payment. The two conveyances were contemporaneous and the transactions were simulated for the purpose of affixing a lien upon the homestead.

That there was no sale of the land to Odom and no sale of it had to Brooks there is no question. It was merely an attempt to

encumber the land by the pretence of fixing a vendor's lien upon it. The attempted lien is clearly void; and the sole question for determination is can Sanger Brothers uphold it by showing that when the notes were transferred to them, they bought without notice of infirmity in the transaction?

Persons may by their conduct estop themselves from asserting homestead rights in property upon which they have given a lien. They may simulate a sale, intending the deed to operate only as a mortgage and the grantee may subsequently sell to another who has no notice of the fact that it was not a real sale. In such case the latter grantee will hold the title. Such was the case of Eylar v. Eylar (60 Texas, 315). In that case J. F. Eylar and wife conveyed a house and lot, presumably the business homestead, to O. A. Eylar. Nearly six months thereafter O. A. Eylar conveyed the property to Ann A. Eylar, his mother, in consideration of the sum of $500 for which she executed her five promissory notes. J. F. Eylar claiming that his purported conveyance to O. A. Eylar, though in the form of a deed, was merely intended as a mortgage to secure the payment of a sum of money, and that since the property was his homestead it is void as a mortgage, brought suit to cancel the conveyance and to remove it as a cloud upon his title. It was held that Mrs. Ann A. Eylar was entitled to protection as an innocent purchaser, although J. F. Eylar remained in possession of the property. So in Hurt v. Cooper (63 Texas, 362) one Gilbert and wife conveyed their homestead to Cooper; he executed his note payable to Gilbert nominally for part of the purchase money. The note was transferred to Hurt for value. Hurt brought suit on the note and for foreclosure of the vendor's lien upon the property. It was held that if he had no notice as to the real nature of the transaction he was entitled to recover. In this case Cooper reconveyed the property to Gilbert, four months after Gilbert conveyed to him. In Love v. Breedlove (75 Texas, 649), Love and wife conveyed their homestead to one Porter. About a month thereafter Porter executed a mortgage with a power of sale upon the lot to Breedlove, who caused the property to be sold under the power given in the mortgage. At the sale he became the purchaser and it was conveyed to him by the trustee. He was held entitled to hold the property. In all these cases the conveyances were simulated and not intended in fact to be what they purported, but the parties claiming under them were entitled to the rights purported to be secured by them, upon the ground that they were without notice of the secret agreements between the parties. But in no one of them was the conveyance of the homestead and the reconveyance simultaneous, as in the case before us. This case is more like that of Heidenheimer v. Stewart (65 Texas, 321). There Stewart and wife conveyed their homestead to one Alexander to whom they were indebted and on the same day Alexander reconveyed the property to Stewart expressing the consideration to be a sum in cash and a note for the amount of Alexander's debt. Alexander transferred the note to Heidenheimer before maturity for value. It was decided that Heidenheimer was entitled to his lien. But the reason for that ruling appears from the fol-

lowing passages from the opinion: "Appellant had no constructive notice of the fact that the deeds were intended to evade the law, for if the transactions had been as recited, the note would have been secured by a valid lien. That there was no actual notice, which might have arisen from the date of the deeds, the consideration and their registration (Gaston & Thomas v. Dashiell, 55 Texas, 508), was stipulated between the parties in the court below." It is evident that but for the stipulation the decision of the case would probably have been different. The proposition to which Gaston v. Dashiell is cited is doubtless that part of the opinion which says: "It is to be noted that Gaston & Thomas deraign their title through the will of Mrs. Dashiell, the deed of the executor to Bennett, and the quit-claim deed of Bennett back to Dashiell, and that they are conclusively presumed to have inspected these instruments. Although they may in fact have had no knowledge of the contents of the will and deeds, they are charged with notice just as if they had actually inspected them." So here Sanger Brothers claiming a lien arising through a chain of conveyances are affected with notice of all the facts disclosed by such conveyances. They were sufficient reasonably to apprise them that there was no sale from Brooks and wife to Odom—from the fact, that a deed which purports a sale was executed at the same time that Odom conveyed back to Brooks and wife and that it was merely a simulated transaction for the purpose of fixing a vendor's lien upon the property. It is as plain, as if Brooks and wife had executed a mortgage upon the property. It makes no difference that Sanger Brothers did not know that the property was the homestead of Brooks and wife. The Constitution declares a mortgage or lien upon the homestead void—and a party accepting a lien must know that the property is not a homestead. Sanger Brothers being bound to take notice from the conveyance that the intention of the parties was merely to give a lien, cannot claim the position of innocent purchasers as to that matter.

The judgment of the Court of Civil Appeals is accordingly reversed and that of the District Court affirmed.

*Reversed and judgment of District Court affirmed.*