JENKINS et ux. v. GUARANTY STATE BANK OF PALESTINE. (No. 617.)

(Court of Civil Appeals of Texas. El Paso. Nov. 2, 1916.)

1. HOMESTEAD ⬿96—LIABILITY FOR DEBT—PURCHASE-MONEY LIEN.

If vendees conveyed land to satisfy purchase-money debt, leaving a deficit, and a parcel was reconveyed to them under agreement that the lien reserved was for the original purchase price, the amount thereof would attach, though the parcel was occupied as a homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 147–153; Dec. Dig. ⬿96.]

2. HOMESTEAD ⬿115(2) — PURCHASE-MONEY LIEN.

But if such transaction was simulated to avoid the constitutional prohibition against mortgaging the homestead, no lien would attach.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 186–190; Dec. Dig. ⬿115(2).]

3. APPEAL AND ERROR ⬿1010(1)—REVIEW—FINDINGS OF FACT.

The court on appeal cannot disturb a fact finding if sufficiently supported by the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981; Dec. Dig. ⬿1010(1).]

Appeal from District Court, Anderson County; John S. Prince, Judge.

Suit by the Guaranty State Bank of Palestine against Alex Jenkins and wife. Judgment for plaintiff and defendants appeal. Affirmed.

Kay & Seagler, of Palestine, for appellants. Funderburk & Strickland, of Palestine, for appellee.

HARPER, C. J. This suit was brought by appellee against appellants upon a promissory note for $58, interest and reasonable attorney's fees, as provided in the note, and for foreclosure of vendor's lien upon certain 20 acres of land. The appellants answered (as applicable to the assignments of error urged here) that they owned a tract of land containing 83.4 acres which was their homestead; that they owed one Dupuy, on account of a certain judgment, the sum of $565

and an additional amount of $81.60 for other causes, which they were unable to pay, and had no property subject to execution; that they were induced through coercion and intimidation on the part of said Dupuy and one Edwards, in consideration of the payment of the said indebtedness, to convey all of said land, except 20 acres, to said Edwards; that on the 19th day of December, 1912, the defendants, in pursuance of the above agreement and under the circumstances inducing same, executed and delivered to J. R. Edwards a deed which the defendants were told and believed conveyed to the said J. R. Edwards 63.4 acres of the above-mentioned land, and did not include therein the 20 acres above mentioned; that it was not their intention and was not the purpose of said agreement to convey to the said J. R. Edwards more than the said 63.4 acres which did not include the said 20 acres; that defendants have since been informed that the field notes in said deed actually covered and embraced the entire 83.4 acres of land above mentioned; that they have been informed that on the same day said Edwards executed a deed to them for the 20 acres of land described in plaintiff's petition, which contains the reservation of vendor's lien; that the transactions above mentioned, to wit, the conveyance of said land by defendants to the said J. R. Edwards and the reconveyance on the same day and as a part of the same transaction of the said 20 acres of same by the said J. R. Edwards to defendants, were simulated and made, without the knowledge and consent of defendants, for the purpose of creating a lien on defendants' homestead, in violation of and for the purpose of evading the homestead exemption laws of Texas; that said transactions are void and without force and effect; that said note sued on in this suit is without consideration and is void, and cannot be enforced against the defendants or their said homestead; that they never received the $58 cash mentioned in the conveyance from them to the said J. R. Edwards, and that the $58 mentioned in the said deed from the said J. R. Edwards to defendant Alex Jenkins, which is claimed to be evidenced by the note sued on in this suit, was not and is not for the purchase money due on said 20 acres of land, nor for taxes due thereon, nor for work and material used in constructing improvements thereon; that the said note was transferred by said Edwards to appellee with full knowledge upon the part of both parties of the above facts. Trial before the court resulted in judgment for appellee for $58 and interest, attorney's fee of $50 and foreclosure of the lien on the 20 acres of land. To which exception was taken and notice of appeal given.

The court made the following findings of fact and conclusions of law:

"I find that the note sued on was executed by the defendant Alex Jenkins.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"I find, at the time of the execution of the note, there was a valid, subsisting judgment in this district court against the defendant Alex Jenkins, which judgment foreclosed a vendor's lien on the 83 acres of land deeded by Jenkins and wife on the —— day of —— to J. R. Edwards.

"I further find that on same date the defendant Jenkins was owing to J. A. Dupuy other indebtedness than said judgment, and the other indebtedness aggregated the sum of $646.

"I further find that Alex Jenkins agreed with J. R. Edwards, after advising with Gov. Campbell as to the legality of the transaction as to how to raise the money, it was agreed that Jenkins and his wife would convey to Edwards the entire 83 acres of land for $600, which $600 lacked $58 of paying the total indebtedness, and it was further agreed that 20 acres of land should be reconveyed to Alex Jenkins, for which Alex Jenkins was to and did execute the note in controversy in this suit.

"I further find that J. R. Edwards was at the time advised by his counsel (Gov. Campbell) that the lien included in this way, as to the 58 acres would be a valid lien.

"I further find that the entire 83 acres of land, as the 20 acres embrace a part of the 83 acres, was the homestead of Alex Jenkins and his wife, and that the 20 acres, on which the lien is foreclosed, in this case, is now the homestead of Alex Jenkins.

"I further find that the entire transaction of the two deeds, sale of the 83 acres of land and resale of 20 acres was one and the same transaction, and that the $58 note in controversy was intended by plaintiff to take the part of the balance of the judgment by this court, hereinbefore referred to, for the vendor's lien against the 83 acres of land; in other words, the $58 note is a part of the same indebtedness as the judgment.

"I further find that $50 is a reasonable attorney's fee for counsel for plaintiff.

"I conclude that plaintiff ought to have judgment for the amount of the note and interest, the reasonable attorney's fee, with foreclosure of a vendor's lien, expressed in the note, on the 20 acres of land, as prayed for in their petition."

The first assignment reads:

"The court erred in its finding of fact, reading 'that the $58 note in controversy was intended by plaintiff to take the part of the balance of the judgment of this court, hereinbefore referred to, for the vendor's lien against the 83 acres of land; in other words, the $58 note is a part of the same indebtedness as the judgment,' for the reason that the evidence in this case shows that the judgment debt was entirely canceled and paid in the sale of the land by Alex Jenkins and wife to J. R. Edwards, for the deed from Alex Jenkins and wife to J. R. Edwards states that out of said $600 paid for said land a judgment in the sum of $565 rendered in the district court of Anderson county, Tex., in favor of J. A. Dupuy et al., and against Alex Jenkins et ux., was paid; that plaintiff's officers and agents prepared these instruments, and knew the contents thereof, and knew the legal effect of the statements therein contained, and expressed the real intention of all parties concerned at the time of said transaction."

The second assignment is substantially to the same effect, and both will be discussed together. The only propositions urged under these assignments is that the finding of facts and the judgment of the court thereon, based upon testimony relative to a particular transaction, which is manifestly contrary to the original and final intentions and agreements of all the parties to the transaction, are erroneous, and not binding upon the appellate court.

Judging by the statements and argument, the question sought to be raised by these assignments and propositions is that the $58 amount of the note sued upon is not part of the amount for which judgment was rendered, and lien foreclosed as a part of the original purchase price of the lands. Therefore that part of the judgment foreclosing a lien upon the lands for said amount which is a homestead is null and void.

[1] If the sale of the 83.4 acres to Edwards was made by appellants in settlement of a part of the original purchase price of the land and all of the debt not a part thereof, and it did not settle all of the claim of Dupuy, but by agreement between the appellants and Edwards the 20 acres was reconveyed to them for the note of $58 sued upon, with the understanding that the $58 represented a part of the original purchase price of the land for collection of which a lien was retained, then the lien would attach to secure its payment. Johnson v. Arrendale, 30 Tex. Civ. App. 504, 71 S. W. 45.

[2] But if the sale of the entire tract and the resale of 20 acres to appellants was simulated to avoid the provisions of the Constitution, prohibiting the mortgaging of homesteads, then the present plaintiff, appellee, cannot recover. Sanger Bros. v. Brooks, 101 Tex. 115, 105 S. W. 37.

[3] The court in this case has found as an affirmative fact that the note sued on is a part of the original purchase price, a part of the same indebtedness as the judgment, and thus holds that the lien exists to secure its payment, and there is evidence sufficient to support this finding of the court, and in such case we cannot disturb it. Sanders v. Rawlings, 77 S. W. 41.

The third and last assignment is that the judgment for attorney's fee of $50 is not a "reasonable" fee as provided for in the note. The answer is that all the evidence without contradiction is that such an amount is a reasonable fee, and the trial court did not err in so holding.

Affirmed.