**WHITAKER et al. v. FULTON et al.**
(No. 3678.)

Court of Civil Appeals of Texas. Texarkana.
April 23, 1929.

Rehearing Denied May 9, 1929.

Hamp P. Abney, Sr., of Sherman, and Hamp P. Abney, Jr., of Dallas, for appellants. Freeman, McReynolds & Hay, of Sherman, and Lewis Rogers and W. A. Shields, both of Houston, for appellees.

LEVY, J. (after stating the case as above). In determining in this case whether there was error in giving the peremptory instruction to the jury, the question becomes that of whether or not the evidence shows facts or circumstances of such character as to raise an issue for the jury to decide, as between the appellants and the Federal Land Bank and Mrs. A. P. Neill. R. S. Fulton and the Grayson National Farm Loan Association are formal parties to the suit of the plaintiffs to cancel the lien in evidence and remove cloud from the title to the land, and they are not the holders or claimants of any interest in the lien or notes, or the land.

The evidence shows that 146 acres of the land was the separate property of J. R. Whitaker, and that 20 acres thereof was community property. J. R. Whitaker and family occupied the land as their homestead. After the death of J. R. Whitaker his wife made application through the Grayson National Farm Loan Association to the Federal Land Bank for a loan to take up and extend certain notes held and owned by R. S. Fulton and purporting to be vendor's lien notes. As it appears, the Federal Land Bank was dealing with Mrs. Whitaker, with the specific purpose in view of taking up the liens shown by the deed records to exist and to lend her money to do so. The loan in the sum of $5,000 was made, and the proceeds of the loan was credited on the note. As thus credited the note was then transferred by R. S. Fulton, the holder and owner, to Mrs. Neill, she paying him the unpaid balance of $2,000. As appears, the three deeds in evidence, of date May 27, 1916, and December 21 and 26, 1921, by their form and phraseology showed deeds absolute on their face. They retained a vendor's lien to secure payment of the purchase money notes. They were duly registered as deeds. Hence such deeds, absolute on their face and duly registered as such, would be legally valid and effectual, unless by extrinsic parol evidence it was made to appear that they were in fact intended by the parties thereto as a mortgage only. There was no such parol evidence offered and admitted as to the Federal Land Bank and Mrs. Neill. As the record shows, evidence was offered concerning a secret agreement of loan upon the homestead, but it was not admitted as evidence against the bank and Mrs. Neill. The court expressly ruled, upon objection made at the time, "that this testimony was admitted only as against Mrs. Fulton, and not as against the other defendants." No exception was taken to the ruling of the court. The appellate court must then take the record as showing no proof that there was any secret agreement of loan, so far as concerns the Federal Land Bank and Mrs. A. P. Neill. There remained no fact or circumstance op-

erating to make an issue for the jury. The occupancy of the land by the Whitakers after the conveyances to Pickens Bowen the deeds appearing absolute conveyances, imposed no duty of inquiry as to their possession. Eylar v. Eylar, 60 Tex. 315. The occupancy of the land by the Whitakers under the deed of December 26, 1921, by Pickens Bowen to J. R. Whitaker was entirely consistent with such registered deed, same being an absolute deed and there being no proof of a sham sale of the homestead. The deed from Pickens Bowen to J. R. Whitaker was not a simultaneous transaction with the deed to him from J. R. Whitaker, but it was a separate and distinct transaction on its face and executed on a different date. The facts are therefore distinguishable from the facts in Sanger Bros. v. Brooks, 101 Tex. 115, 105 S. W. 37. But assuming inquiry was required as to the occupancy of the Whitakers: There was no proof, as to the bank and Mrs. Neill, of any existing secret agreement of a loan. In the absence of such proof the bank and Mrs. Neill could not be presumed to have ascertained any such agreement by inquiry.

It is claimed by the appellant that the Grayson National Farm Loan Association, through R. S. Fulton, its secretary, had actual information of the simulated sale, and their knowledge was legally imputable to the Federal Land Bank. We hold otherwise. Bjorkstam v. Federal Land Bank, 138 Wash. 456, 244 P. 981.

The judgment of the trial court is affirmed.