## GORE et al. v. CITIZENS STATE BANK et al.

### No. 1622.

Court of Civil Appeals of Texas. Waco.
Nov. 7, 1935.

Rehearing Denied Dec. 5, 1935.

Walter T. Thomason, of Wortham, for appellants.

Jack A. Newsom, of Buffalo, and M. L. Bennett, of Normangee, for appellees.

ALEXANDER, Justice.

W. M. Gore and wife, Sady Gore, brought this suit against Citizens State Bank of Buffalo and W. D. Recknor to cancel certain conveyances theretofore executed by plaintiffs and in trespass to try title to recover 100 acres of land in Leon county. The plaintiffs alleged, in substance, that they previously owned and occupied as their homestead two tracts of land of 50 acres each in Leon county; that one of said tracts was encumbered by a lien to secure the payment of notes in the sum of $1,977.66 held by the Buffalo State Bank and the other tract was free and clear of liens; that on December 5, 1922, while said property was so occupied by them as a homestead, they executed a pretended conveyance thereof to the Buffalo State Bank in cancellation of the indebtedness held by it and that thereafter on December 15, 1922, said bank reconveyed the land to them and retained a purported lien on the entire 100 acres to secure the payment of notes for the total sum of $2,000; that said transactions were simulated merely for the purpose of placing the lien on the entire homestead and were void; that on November 21, 1925, the defendant Citizens State Bank of Buffalo, as the holder of the above-described vendor's lien notes for $2,000 previously held by the Buffalo State Bank, procured a deed from plaintiffs by which said land was conveyed to said bank in cancellation of said notes; that said conveyance was without consideration and was void for the reason that the contents of the deed were not fully explained to Mrs. Gore at the time she executed and acknowledged the same. They further alleged that the defendant Recknor was claiming some interest in the land.

In addition to a general denial, the defendants pleaded the three, four, five, and ten-year statutes of limitation and alleged that they had purchased the land in good faith for value and without notice, and that the plaintiffs were estopped to set up the alleged defects in said conveyances. At the conclusion of the evidence, the court gave an instructed verdict in favor of the defendants. The plaintiffs appealed.

The evidence discloses that plaintiffs conveyed the land to the Citizens State Bank of Buffalo by deed dated November 21, 1925, for a recited consideration of $1 and the cancellation of notes in the sum of $2,000 then held by said bank, being the notes formerly held by the Buffalo State Bank. Said deed appears on its face to have been properly acknowledged by both Gore and wife. The plaintiffs were temporarily residing in Hopkins county at the time they executed said deed. Shortly thereafter they returned to Leon county, rented the land from the bank, paid rent for the use thereof for the years 1926 and

1927, and moved off of it again in the fall of 1927. On September 15, 1927, the bank conveyed the land to W. D. Recknor for the sum of $225 cash and vendor's lien notes for $675, and he has occupied the land continuously since said date. He had paid the balance of the purchase price prior to the filing of this suit on the 11th day of October, 1932. It is not contended that Recknor had notice of any of the defects in any of said conveyances.

■ It is apparently conceded by appellants that the notes for $1,977.66 formerly held by the Buffalo State Bank represented a valid indebtedness owing by W. M. Gore to said bank, and that such indebtedness was secured by a valid lien on 50 acres of the land in question. It is their contention that this indebtedness could not be made a valid encumbrance on the balance of the homestead and that the attempt to do so by their conveyance to the Buffalo State Bank and the reconveyance to them was a nullity. For several reasons, we do not deem it necessary for us to determine the correctness of appellants' contention in this respect. In the first place, the Citizens State Bank, as the successor of Buffalo State Bank, held a valid indebtedness against W. M. Gore. Gore and wife had a right to convey the homestead to the bank in cancellation of said indebtedness, as they did by their deed dated November 21, 1925, although the indebtedness forming the consideration for the conveyance was not secured by a lien on the homestead. Hiner v. Meyer (Tex.Com.App.) 44 S.W. (2d) 961. In the second place, the conveyance from appellants to the Citizens State Bank appears on its face to be regular. The evidence was without dispute that Recknor purchased the property in good faith and for value and there is no contention that he or said bank had any knowledge of any irregularities in such conveyance. Under such circumstances, Recknor acquired a good title to the property even though the conveyance to the Buffalo State Bank and the reconveyance to appellants was in fact a fictitious transaction made for the purpose of placing a lien on the homestead. 22 Tex.Jur. 162; Graves v. Kinney, 95 Tex. 210, 66 S.W. 293.

■ The fact that the deed from appellants to the Citizens State Bank was not fully explained to Mrs. Gore before she executed same does not alter the case. Admittedly, she signed the deed and appeared before the notary for the purpose of acknowledging same. The notary's certificate is in statutory form and the appellees, Recknor and the bank, were without notice that the deed had not been fully explained to Mrs. Gore or that she did not fully understand the contents of the same when she signed it. Since Recknor purchased the property in good faith for value and without notice, the certificate of the notary, under the circumstances above set out, is conclusive of the facts stated therein. Sanger v. Calloway (Tex.Com.App.) 61 S.W.(2d) 988, par. 3; Wheelock v. Cavitt, 91 Tex. 679, 45 S.W. 796, 66 Am. St.Rep. 920; Blankenship v. Stricklin (Tex.Civ.App.) 77 S.W.(2d) 339, par. 3, and authorities there cited; 1 Tex.Jur. 585.

■ We are further of the opinion that appellants' cause of action, if any they ever had, was barred by limitation at the time this suit was filed. Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am.St.Rep. 39; Groesbeck v. Crow, 91 Tex. 74, 40 S.W. 1028; Dean v. Dean (Tex.Civ.App.) 214 S.W. 505, par. 12.

The judgment of the trial court is affirmed.

STANFORD, Justice (dissenting).

Not being able to agree with my associates, I hereby file the following dissenting opinion:

Statement of the Nature and Result of the Suit:

This suit was an action for the cancellation of three deeds to appellants' homestead of fifty acres of land, on account of a simulated transaction, failure of consideration, and fraud in procuring the wife's signature to one of the deeds, which was brought by appellants against the appellees. The case was tried below on November 10, 1933, before a jury. The court below found that one of the appellees was an innocent purchaser and gave an instructed verdict in favor of appellees. Judgment was rendered for the appellees, that appellants take nothing by their suit, and that appellees go hence with their costs. The case has been properly brought to this court by appeal.

Parol evidence is admissible to show that a written instrument is void for illegality, want or failure of consideration, or on account of fraud or mistake.

W. M. Gore, on direct examination, testified as follows: "My name is W. M. Gore. I live in Leon County. I have lived in

said county about 38 years. I am a farmer and have been all of my life. My wife's name is Sady Gore. * * * On or about the 5th day of December, 1922, I owned 50 acres of land in Leon County, Texas. I couldn't hardly tell you when I bought that land. I had that land eight or ten years, I guess. Yes sir, I owned 50 acres of land in 1922. I lived on that land at that time. It was cultivated land. * * * The way I bought that second tract, it involved both tracts, I sold out to the bank with the understanding that they would sell it back to me. They did not sell it back to me, but the bank kept both tracts, the one that I originally owned and also the one that I had bought from the bank. The Buffalo State Bank was in process of liquidation, and it was understood that my wife and I would get a loan of $2000.00 on the land that I owned, together with the 50 acres that I already had. * * * I got an abstract and they got up their papers and I have never seen a deed or note or anything that they made back to me. I never was able to get said Federal loan. * * *"

Sady Gore, wife of W. M. Gore, testified as follows: "I am the wife of W. M. Gore, and live in Leon County, Texas, and have lived here all by life, except one year when I lived in Hopkins County. Yes sir, me and my husband owned 50 acres of land in Leon County in 1922, and were living on it at that time. Yes sir, that was our homestead and we were using it and cultivating it as a homestead. * * * We sold them our 50 acres for our indebtedness and they were going to sell the 100 acres back to us. Yes sir, the 50 acres that we were living on was paid for. There was nothing at all against it. No sir, Mr. Newsom did not get a Federal Loan for us. I did not have any further conversation with him about the Federal loan. No sir, there was not anything against our land at that time."

The court, after hearing the evidence of W. M. Gore in reference to the transaction with the Buffalo State Bank showing the simulated transaction, ruled that such evidence was not admissible, because after the simulated transaction plaintiffs had conveyed the land to the Citizens State Bank in cancellation of the vendor's lien notes given in the simulated transaction. The court below permitted the witness Sady Gore to testify to the transaction with the Buffalo State Bank, showing the simulated transaction, but he excluded the testimony of W. M. Gore. Parol testimony is admissible to show the intention of the parties

at the time of executing the deeds in the simulated transaction. This testimony was very material in order to show that the vendor's lien notes were given in a simulated transaction. The evidence is clear that the transaction with the bank was simulated and did not express the real intention of the parties, and the making of said deeds not being the act of the parties in good faith, but being only a simulated transaction, could not be an expression of the real intention of said parties. The case should be reversed because the court below excluded parol testimony of the witness W. M. Gore showing a simulated transaction. If the evidence was simulated, the court should have heard same, for in no other way could it be determined if same was simulated. Vernon's Ann. Texas Civil Statutes, vol. 11, art. 3713, rule 21, p. 61, rule 25, p. 104, and rule 28, p. 114; Gibbs v. Mary Ann Penny, 43 Tex. 560; Carter v. Carter, 5 Tex. 93; Fenter v. Robinson (Tex.Civ.App.) 230 S.W. 844; Brewster v. Davis, 56 Tex. 478; O'Shaughnessy v. Moore, 73 Tex. 108, 11 S.W. 153. That a deed absolute on its face may be controlled by parol evidence showing that it was intended as a mortgage has long been the settled law of this state. What appears to be an absolute deed may be shown to be a mortgage. This proposition of appellants is sustained.

Second proposition: "Secondary evidence of the contents of a written contract on which suit is brought is admissible where the contract is in defendants' possession, and they do not produce it on the trial, at plaintiffs' request, though plaintiffs did not allege that the contract was in defendants' possession, nor give them previous notice to produce it."

Statement: Plaintiffs alleged that on or about the 5th day of December, 1922, they executed a pretended deed to the Buffalo State Bank to certain land for the purported consideration of the cancellation of a number of notes, and also two promissory notes of W. M. Gore payable to Buffalo State Bank, dated January 30, 1922, and December 17, 1921, due November 1, 1922, and October 15, 1922, one for $165 and another for the sum of $376.66, which deed is recorded in volume 49, p. 55, Deed Records of Leon County, Tex., which vendor's lien notes were executed in part payment of the first tract of land hereinabove described.

Plaintiffs alleged that said pretended deed was executed to the Buffalo State Bank to

the two tracts above mentioned, with the understanding and agreement that said bank would reconvey said property to plaintiffs; and that plaintiffs would execute vendor's lien notes payable to said bank for the sum of $2,000, in five notes, each for the sum of $400, due 1, 2, 3, 4, and 5 years, and bearing 10 per cent. interest from date, to secure the notes which said bank had pretended to cancel, in order to create a lien on plaintiffs' homestead; and that said bank would procure for plaintiffs a Federal loan on said lands to pay off the above-described vendor's liens; and that said pretended deed was in fact a mortgage and has ever been so; and that defendants had constructive notice that said lien was a mortgage on plaintiffs' homestead.

Plaintiffs alleged that said bank, in order to complete its contract and scheme to secure a lien upon plaintiffs' homestead as additional security for said vendor's lien notes, reconveyed said two tracts above mentioned to W. M. Gore, for the purported consideration of the execution by him of the five vendor's lien notes above described, which notes were purchased later by defendant Citizens State Bank with constructive notice prior to and after the execution of said pretended deeds that said pretended deeds were in fact a mortgage on plaintiffs' homestead, which deed was recorded in volume 61, p. 101, Deed Records of Leon County, Tex.; and that said bank failed to secure said federal loan for plaintiffs to pay said notes, as it had promised and agreed to do.

Plaintiffs offered to introduce in evidence the two deeds above mentioned, to which the defendants objected, and the court below sustained the objection, to which ruling the plaintiffs duly excepted, and prepared their bill of exception. (See S. F. p. 8, Tr. pp. 33, 34.)

Argument: Defendants objected to the introduction of the two deeds because there was no agreement to use the records, and because the originals would be the best evidence. Our Supreme Court has held many times that where the foundation of a suit is a deed, it is not necessary to give notice to produce the originals or to file certified copies. Said suit was filed to cancel the two deeds, and the defendants knew that they would be required to produce the originals. Ellis v. Sharp, 20 Tex.Civ.App. 482, 49 S.W. 409; Harlan v. Harlan (Tex.Civ. App.) 125 S.W. 950; Battaglia v. Stahl (Tex.Civ.App.) 47 S.W. 683; Bracken v. Bounds (Tex.Civ.App.) 70 S.W. 326. Appellants' contentions here are sustained.

"The record of any grant, deed or instrument of writing authorized or required to be recorded, which shall have been duly proved or acknowledged for record and duly recorded in the proper county shall be taken and held as notice to all persons of the existence of such grant, deed, or instrument."

Statement: The warranty deed dated December 5, 1922, from W. M. Gore and wife, Sady Gore, to Buffalo State Bank, reciting a consideration of $2,500, in cancellation of the vendor's lien notes and two promissory notes, was recorded in volume 61, p. 99, of Deed Records of Leon County, Tex., and the reconveyance deed dated December 15, 1922, from the Buffalo State Bank to W. M. Gore, reciting a consideration of $500 cash, and five vendor's lien notes, each for the sum of $400, due 1, 2, 3, 4, and 5 years, was recorded in volume 61, page 101, Deed Records of Leon County, Tex., showing the *simulated* transaction. (Tr. p. 33.) The deed from W. M. Gore and wife to the Citizens State Bank dated November 21, 1925, was recorded in volume 65, p. 310, Deed Records of Leon County, Tex., on November 27, 1925, showing a consideration for the cancellation of the vendor's lien notes given in the simulated transaction.

Argument: The deeds and the record thereof show beyond a doubt that the whole transaction was simulated. The record itself was notice to the whole world that the deeds were a mortgage on the homestead. W. D. Recknor was not an innocent purchaser. Article 6646, Vernon's Ann.Civ.St. vol. 19, p. 99; Gaston & Thomas v. Dashiell, 55 Tex. 508; Sanger Bros. v. Brooks, 101 Tex. 115, 105 S.W. 37, 38; Thomas v. Ash (Tex.Civ.App.) 199 S.W. 670; Wadsworth v. Powell (Tex.Civ.App.) 191 S.W. 169; Peters v. Clements, 46 Tex. 114, 123; Hamilton v. Green (Tex.Civ.App.) 101 S. W. 280. In Sanger Bros. v. Brooks, supra, Chief Justice Gaines said: "It makes no difference that Sanger Bros. did not know that the property was the homestead of Brooks and wife. The Constitution declares a mortgage or lien upon the homestead void, and a party accepting a lien must know that the property is not a homestead. Sanger Bros., being bound to take notice from the conveyances that the intention of the parties was merely to give a lien, cannot claim the position of innocent purchasers as to that matter."

To estop one by deed, it must be alleged and proved that there was a consideration paid the grantor therein for the land, and this must be done independent of the recitals of consideration in the deed, or it must be alleged and proved that the party sought to be estopped was guilty of fraud or gross negligence in signing the deed and that the person relying on the estoppel was without knowledge thereof.

The defendants alleged in their original answer as follows: "And the defendant Citizens State Bank, as the legal, bona fide owner and holder of the five $400.00 notes, executed by the plaintiff, W. M. Gore, to the Buffalo State Bank, canceled, surrendered and delivered to the plaintiff, W. M. Gore, such notes upon the execution and delivery to it of the deed of conveyance, which is dated the 21st day of November, 1925. And in addition to the cancellation of the five above-mentioned notes, the defendants, Citizens State Bank, also canceled and delivered two other notes which it held executed by the plaintiff, W. M. Gore, each dated January 29, 1924, and due September 15, 1925, and secured by a chattel mortgage of the same date, one being for the sum of $330.00, and one for the sum of $341.00. * * *"

The defendants sought to estop plaintiffs from recovering the land under this deed; but the only evidence that was introduced to prove the transaction was the deed from W. M. Gore and wife to the Citizens State Bank.

W. M. Gore testified on direct examination as follows:

"No sir, I did not owe the bank (Citizens State Bank) any debt at that time, notes that I had given the Citizens State Bank, not at that time, not while I was out there. I did not owe the Citizens State Bank anything at that time. * * *

"No sir, I never received anything for the consideration of that land at the time I signed that instrument in Hopkins County. They did not pay me anything for that land. They have never paid me anything for the homestead tract, the fifty acres."

The vendor's lien notes were given in a simulated transaction and were null and void; the consideration in the deed to the Citizens State Bank was the cancellation of the vendor's lien notes. Defendants offered no proof of the consideration except the deed, and plaintiffs would not be estopped without further proof. The consideration was void. And the parties to the simulated transaction could not make it legal by executing a deed without a valuable consideration. In the case of Clark v. Haney, 62 Tex. 511, 50 Am. Rep. 536, Chief Justice Willie said: "To allow the grantee to repudiate the trust after he had obtained the apparent title and gone into possession, and to appropriate to himself the whole benefit of the property, would be to sanction a fraud and a wrong which it is the duty of a court of equity to prevent or to remedy." If this was not so, parties could defeat the very purpose of the Constitution to protect the homestead from being mortgaged. Clark v. Haney, supra; McLemore v. Bickerstaff (Tex.Civ.App.) 179 S.W. 536; Kearby v. Cox (Tex.Com.App.) 211 S.W. 932; Texas Land & Loan Co. v. Blailock, 76 Tex. 85, 13 S.W. 12.

Since the consideration was void, and since the defendants failed to prove there was a consideration for the land, the case should be reversed and rendered.